# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **MARK FLYNN, individually and on behalf of all others similarly situated,** | DOCKET NO. _____ |
| **vs.** | **JURY TRIAL DEMANDED** |
| **SANCHEZ OIL & GAS CORPORATION.** | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Plaintiff Mark Flynn brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Sanchez Oil & Gas Corporation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. Sanchez employs oilfield personnel, like Flynn, to carry out its work.

3. Flynn, and the other workers like him, were typically worked 12-14 hour shifts and regularly worked more than 60 hours per week.

4. But Sanchez does not pay all of these workers overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime as required by the FLSA, Sanchez pays these workers a day-rate and improperly classified them as exempt.

6. This action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part

of the events or omissions giving rise to the claim occurred in this District. Flynn performed work-related tasks for Sanchez in this District in Dimmit County.

## PARTIES

9. From approximately September 2017 until February 2018, Flynn worked for Sanchez as a Lease Operator. Throughout his employment with Sanchez, he was paid a day-rate with no overtime compensation. His consent to be a party Plaintiff is attached as Exhibit A.

10. Flynn brings this action on behalf of himself and other similarly situated workers who were paid by Sanchez's day-rate system.

11. Sanchez paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All oilfield workers who worked for, or on behalf of, Sanchez Oil & Gas Corporation during the past 3 years who were paid a day-rate with no overtime.** (the "Putative Class Members").

13. Flynn seeks conditional and final certification of this FLSA collective action under 29 U.S.C. § 216(b).

14. Sanchez Oil & Gas Corporation may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## COVERAGE UNDER THE FLSA

15. Founded in 1972, SOG is a billion-dollar oil and gas company with operations throughout the United States.



16. For at least the past decade, SOG has consistently employed hundreds of workers in the United States.

17. At all times hereinafter mentioned, Sanchez has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Sanchez has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Sanchez has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

20. Flynn and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

21. Sanchez is a large oil and gas company operating throughout the United States, and in Texas.

22. In order to make the goods and provide the services it markets to its customers, Sanchez employs oilfield personnel like Flynn and the Putative Class Members.

23. These oilfield workers carry out the hands-on, day-to-day production work of Sanchez.

24. Oilfield employees are an integral part of Sanchez's business operations.

25. No advanced degree is required to become an oilfield employee. In fact, Sanchez regularly hires employees who only have a high-school diploma (or less).

26. For example, Flynn did not have any advanced degree.

27. Being an oilfield employee is not work requiring specialized academic training as a standard prerequisite.

28. To the extent employees make "decisions," the decisions do not require the exercise of independent discretion and judgment.

29. Instead, Sanchez employees apply well-established techniques and procedures.

30. Employees are not permitted to deviate from established quality standards.

31. These employees are blue collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the field.

32. With these job duties, these oilfield employees are clearly **non-exempt** under the FLSA.

33. Sanchez paid Flynn and the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of 40 hours in a workweek.

34. Flynn worked for Sanchez from approximately September 2017 until February 2018 as a Lease Operator.

35. Flynn was paid on a day-rate basis throughout his employment with Sanchez.

36. Flynn and the Putative Class Members were not paid a salary.

37. Flynn and the Putative Class Members were not guaranteed a predetermined amount above $455.00 per week.

38. Sanchez typically scheduled Flynn to work 12-14 hour shifts, for as many as 7 days a week.

39. During each year of his employment, Flynn regularly worked well in excess of 40 hours in a workweek.

40. But Sanchez did not pay Flynn overtime.

41. Flynn and the Class Members worked for Sanchez as employees over the past three years across the United States.

42. As a result of Sanchez's pay policies, Flynn and the Class Members were denied the overtime pay required by federal law.

43. Sanchez keeps accurate records of the hours, or at least days, its employees work.

44. It also keeps accurate records of the amount of pay employees receive.

45. Despite knowing the FLSA requirements and that its employees regularly worked more than 40 hours in a workweek, Sanchez does not pay them overtime.

46. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

47. The Putative Class Members regularly worked in excess of 40 hours each week.

48. Like Flynn, the Putative Class Members were generally scheduled for daily shifts of 12 (or more) hours for weeks at a time.

49. Sanchez did not pay Flynn on a salary basis.

50. Sanchez did not pay the Putative Class Members on a salary basis.

51. Sanchez paid the Flynn on a day-rate basis.

52. Sanchez paid the Putative Class Members on a day-rate basis.

53. Sanchez failed to pay Flynn overtime for hours worked in excess of 40 hours in a single workweek.

54. Sanchez failed to pay the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

## FLSA VIOLATIONS

55. Flynn incorporates the preceding paragraphs by reference.

56. As set forth herein, Sanchez violated the FLSA by failing to pay Flynn and the Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

57. At all relevant times, Sanchez has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

58. Sanchez employed Flynn and each member of the Class.

59. Sanchez's pay policy denied Flynn and the Class Members overtime compensation at the legal overtime rates required by the FLSA.

60. Sanchez owes Flynn and the Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

61. Sanchez knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Flynn and the Class Members is willful.

62. Due to Sanchez's FLSA violations, Flynn and the Class Members are entitled to recover from Sanchez for their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

63. The improper pay practices at issue were part of a continuing course of conduct, entitling Flynn and Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

64. Flynn demands a trial by jury.

## RELIEF SOUGHT

65. WHEREFORE, Flynn prays for judgment against Sanchez as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Flynn and his counsel to represent the interests of the FLSA Class;

   c. For an Order finding Sanchez liable to Flynn and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Michael A. Josephson
   Michael A. Josephson
   State Bar No. 24014780
   mjosephson@mybackwages.com
   Andrew W. Dunlap

       State Bar No. 24078444
       adunlap@mybackwages.com
       **JOSEPHSON DUNLAP**
       11 Greenway Plaza, Suite 3050
       Houston, Texas 77046
       713-352-1100 – Telephone
       713-352-3300 – Facsimile

       Richard J. (Rex) Burch
       Texas Bar No. 24001807
       **BRUCKNER BURCH, P.L.L.C.**
       8 Greenway Plaza, Suite 1500
       Houston, Texas 77046
       713-877-8788 – Telephone
       713-877-8065 – Facsimile
       rburch@brucknerburch.com

       **ATTORNEYS IN CHARGE FOR PLAINTIFFS**