IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK FLYNN, WILLIAM HOWELL, WILLIAM RYAN MOORE, | § § § | |
| Plaintiffs, | § § | SA-19-CV-00867-JKP |
| vs. | § § | |
| SANCHEZ OIL & GAS CORPORATION, | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

Before the Court in the above-styled cause of action are Cypress Environmental Management-TIR, LLC's Motion to Intervene and Supporting Brief [#38] and Cypress Environmental Management-TIR, LLC's Motion to Stay [#39]. The District Court referred all non-dispositive pretrial matters to the undersigned on September 30, 2019 [#15]. Accordingly, the undersigned has authority to enter an Order on Cypress Environmental Management-TIR, LLC's Motion to Stay pursuant to 28 U.S.C. § 636(b)(1)(A). The District Court made a separate referral of the Motion to Intervene on February 14, 2020. The undersigned therefore has authority to enter a recommendation as to this motion pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned will recommend that Cypress Environmental Management-TIR, LLC's Motion to Intervene [#38] be **DENIED**. In light of this recommendation, the undersigned will **DISMISS AS MOOT** Cypress Environmental Management-TIR's Motion to Stay [#39]. By separate order, the undersigned will address Plaintiff's Motion for Conditional Certification and the parties' stipulation regarding conditional certification and notice.

## I. Procedural History

Plaintiff Mark Flynn, proceeding individually and on behalf of all others similarly situated, filed this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") on July 19, 2019 against his former employer Defendant Sanchez Oil & Gas Corporation ("Sanchez"). Flynn alleges Sanchez failed to pay him and other oilfield workers all overtime compensation they are due. Sanchez responded to the Complaint by filing a motion to dismiss and compel arbitration, arguing that an arbitration agreement between Flynn and Cypress Energy Management-TIR, LLC ("Cypress-TIR")—the entity providing oilfield workers like Flynn as personnel for Sanchez—compelled Flynn to arbitrate his FLSA claims against Sanchez. While the motion to compel arbitration remained pending, Flynn moved for conditional certification of a class of "all operators who worked for, or on behalf of, Sanchez, who were staffed through Tulsa Inspection Resources[1] and paid a day rate at any time during the last three (3) years." The undersigned entered an order staying Sanchez's obligation to respond to Flynn's motion for conditional certification until after the arbitration issue was resolved [#22].

The undersigned held a hearing on the certification and arbitration motions on October 30, 2019. After the hearing, the undersigned issued an Order denying the motion to compel arbitration, holding that Sanchez was not a third-party beneficiary of the arbitration agreement between Flynn and Cypress-TIR, and the doctrine of direct-benefits estoppel did not apply to prevent Flynn from filing a lawsuit against Sanchez [#27]. The Order directed Sanchez to respond to Flynn's motion for conditional certification within 14 days of the Order. The parties repeatedly asked the Court for extensions of this and other deadlines. The last order of the Court

---

[1] TIR is an affiliate of Cypress-TIR.

set a deadline of February 6, 2020 for Sanchez to file its response and to file any appeal of the undersigned's order denying the motion to compel arbitration.

On February 4, 2020, Flynn and Sanchez filed a Stipulation to Conditionally Certify a Collective Action, Issue Notice, and Stay Case [#36], by which they informed the Court of their agreement to stipulate to conditional certification of an agreed class and the stay of this case pending the effective date of Debtor Sanchez Energy Corporation's bankruptcy plan in *In re Sanchez Energy Corporation, et al.*, Case No. 19-34508 (Bankr. S.D. Tex. 2019, Isgur, J).[2] The stipulation also memorialized the parties' agreement to certain processes with respect to issuing notice, determining which potential class members are entitled to notice, and how to handle pending discovery during the agreed stay. The parties defined the agreed class as follows:

> all operators or production inspectors who functioned as operators who provided services to Tulsa Inspection Resources/Cypress Energy Management ("TIR") and to Sanchez Oil & Gas Corporation and who may have been paid a day rate from a date three years prior to the issuance of notice to the present and who have not signed an arbitration agreement with SOG as of July 19, 2019.

The stipulation includes an agreement that Sanchez will send a subpoena to Cypress-TIR for the names, last known addresses, last known phone numbers, and last known e-mail addresses of potential class members.

Two days later, on February 6, 2020, Cypress-TIR, a non-party, filed the motions to intervene and stay that are the subject of this report and recommendation and order. By its motions, Cypress-TIR argues that it is entitled to intervene as of right and to permissive intervention under Rule 24 of the Federal Rules of Civil Procedure in order to protect its interests in this litigation and asks the Court to stay this case in full during the pendency bankruptcy,

---

[2] The Court notes that Sanchez is not the debtor in the bankruptcy proceeding; the debtor, however, reimburses Sanchez for certain expenses, including those incurred in this litigation.

rather than permitting notice to potential class members of this collective action prior to issuing the stay. That same day, Sanchez filed a response to Flynn's motion for conditional certification, opposing Flynn's proposed class and notice [#43] and appealing the undersigned's order denying its motion to compel arbitration [#41], thereby attempting to withdraw its previous stipulation with Flynn. Sanchez subsequently filed a response to Cypress-TIR's motions to intervene and stay, taking the position that Cypress-TIR has an interest in this litigation and the intervention and complete stay are warranted [#47]. Flynn filed responses in opposition to both the intervention and stay motions [#49, #50].

The undersigned held a status conference on February 14, 2020 to address these various procedural and substantive issues. At the hearing, the undersigned asked the parties to brief the issue of whether motions to intervene are considered dispositive or non-dispositive for purposes of magistrate judge jurisdiction. Flynn and Cypress-TIR each filed a brief on the matter, with Flynn taking the position that such motions are non-dispositive and Cypress-TIR taking the position that they are dispositive. Both Flynn and Cypress-TIR agree however that courts across the country and in the Fifth Circuit are divided on the issue. *Compare, e.g.*, *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 621 F. Supp. 718, 719 n.2 (S.D. Miss. 1985) (holding such motions are dispositive because they "dispose of the issues and interests sought to be advanced by [the intervenor]") *with Lotief v. Bd. of Supervisors of Univ. of La. Sys.*, No. CV 18-991-JWD-EWD, 2019 WL 2297290, at *1 n.5 (M.D. La. May 30, 2019) (holding a "motion to intervene is considered a non-dispositive motion"). After conferring with the District Court, the Court issued a separate referral of the motion to intervene. In light of the conflict among district courts on this issue and the lack of an authoritative opinion from the Fifth Circuit, the undersigned will issue a report and recommendation on the motion.

## II. Analysis

The Court should deny Cypress-TIR's motion to intervene in this lawsuit. Rule 24 of the Federal Rules of Civil Procedure governs motions to intervene. Rule 24(a) addresses intervention as a matter of right; Rule 24(b) addresses permissive intervention. To intervene as a matter of right, (1) the application for intervention must be timely; (2) the applicant must have "a direct, substantial, legally protectable interest" relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 462–63 (5th Cir. 1984). "The potential intervenor must satisfy all four requirements to intervene as of right." *U.S. Equal Employment Opportunity Comm'n v. JC Wings Enterprises, L.L.C.*, 784 Fed. App'x 883, 887 (5th Cir. 2019); *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978) (the movant bears the burden of demonstrating entitlement to intervene). Permissive intervention gives courts the discretion to permit a non-party to intervene where the non-party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Cypress-TIR fails to satisfy either of these standards.

Cypress-TIR contends it is entitled to intervene as of right because Flynn and Sanchez's stipulation to class certification and notice "directly impairs" Cypress-TIR because notice to potential class members in this lawsuit against Sanchez allows Flynn to collect information from Cypress-TIR's employees that could be used in future litigation against Cypress-TIR. The possibility of future litigation against Cypress-TIR is not "a direct, substantial, and legally protectable interest" in the property or transaction that is the subject of this action. This

possibility exists regardless of Flynn's lawsuit against Sanchez, the joint stipulation, and the subpoena to obtain the names of those workers Cypress-TIR supplied to Sanchez.

In further support of intervention, Cypress-TIR attempts to characterize Flynn's and Sanchez's stipulation as a corrupt "Mary Carter agreement," in which Sanchez has a vested financial interest in the success of Flynn's future causes of action against Cypress-TIR. "The essential terms of a Mary Carter agreement are a release of the plaintiff's cause of action in return for a settlement payment, along with a provision providing that the settling defendant would be reimbursed to some specified degree from any recovery the plaintiff received in a suit against another non-settling defendant." *Wilkins v. P.M.B. Sys. Eng'g, Inc.*, 741 F.2d 795, 798 n.2 (5th Cir. 1984). A stipulation between two parties to conditional certification is not a void Mary Carter agreement. The stipulation merely agrees to notice to potential class members of possible claims against Sanchez. There has been no settlement of the claims at issue here or any stipulation as to liability. The parties' stipulation does not create a legally protectable interest that could form the basis for Cypress-TIR's intervention as of right.

Finally, Cypress-TIR contends it is entitled to intervene as of right or permissively intervene because the stipulated notice targets its employees who have arbitration agreements and these employees are excluded from receiving notice under the Fifth Circuit's opinion in *In re JP Morgan Chase & Co.*, 916 F.3d 494, 502–504 (5th Cir. 2019). *JP Morgan* held that a district court abuses its discretion when it ordered notice to 35,000 employees ***of the defendant*** who were not in fact "potential participants" in the lawsuit because those employees had signed valid and enforceable arbitration agreements with ***the defendant***. *Id.* at 502. *JP Morgan* does not stand for the proposition that employees of a defendant cannot be sent notice because those employees may have an arbitration agreement with a third party that precludes them suing that

6

third party.  *JP Morgan* did not concern intervention.  Moreover, this Court has already held that the Cypress-TIR arbitration agreement does not apply to the claims in this action against *Sanchez*.  In *JP Morgan*, the plaintiffs did not contest that at least some employees of the defendant had signed arbitration agreements containing waivers of class and collective action against the defendant.  *Id.* at 498.  Nothing in *JP Morgan* suggests that a non-party like Cypress-TIR has a right to collaterally attack a court's order denying arbitration between two other parties through intervention.

In summary, the Court should deny Cypress-TIR's motion to intervene.  In light of the recommendation, the Court will dismiss as moot Cypress-TIR's motion for a complete stay of this case, as Cypress-TIR is not a party to this action.  By separate order, this Court will address the issues between Flynn and Sanchez regarding conditional certification and notice.

### III.  Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that Cypress Environmental Management-TIR, LLC's Motion to Intervene and Supporting Brief [#38] be **DENIED**.  In light of this recommendation,

**IT IS HEREBY ORDERED** that Cypress Environmental Management-TIR's Motion to Stay [#39] is **DISMISSED AS MOOT**.

### IV.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

7

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 27th day of February, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE