IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK FLYNN, WILLIAM HOWELL, WILLIAM RYAN MOORE, | § § § | |
| *Plaintiffs,* | § § | SA-19-CV-00867-JKP |
| vs. | § § | |
| SANCHEZ OIL & GAS CORPORATION, | § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court is the above-styled cause of action, which was referred to the undersigned for the disposition of all non-dispositive pretrial proceedings. Plaintiff Mark Flynn, proceeding individually and on behalf of all others similarly situated, filed this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") on July 19, 2019 against his former employer Defendant Sanchez Oil & Gas Corporation ("Sanchez"). Flynn alleges Sanchez failed to pay him and other oilfield workers all overtime compensation they are due. Sanchez responded to the Complaint by filing a motion to dismiss and compel arbitration, arguing that an arbitration agreement between Flynn and Cypress Energy Management-TIR, LLC ("Cypres-TIR")—the entity providing oilfield workers like Flynn as personnel for Sanchez—compelled Flynn to arbitrate his FLSA claims against Sanchez. While the motion to compel arbitration remained pending, Flynn moved for conditional certification of a class of "all operators who worked for, or on behalf of, Sanchez, who were staffed through Tulsa Inspection Resources[1] and paid a day rate at any time during the last three (3) years." The undersigned

---

[1] TIR is an affiliate of Cypress-TIR.

entered an order staying Sanchez's obligation to respond to Flynn's motion for conditional certification until after the arbitration issue was resolved [#22].

The undersigned held a hearing on certification and arbitration motions on October 30, 2019. After the hearing, the undersigned issued an Order denying the motion to compel arbitration, holding that Sanchez was not a third-party beneficiary of the arbitration agreement between Flynn and Cypress-TIR and the doctrine of direct-benefits estoppel did not apply to prevent Flynn from filing a lawsuit against Sanchez [#27]. The Order directed Sanchez to respond to Flynn's motion for conditional certification within 14 days of the Order. The parties repeatedly asked the Court for extensions of this and other deadlines. The last order of the Court set a deadline of February 6, 2020 for Sanchez to file its response and to file any appeal of the undersigned's order denying the motion to compel arbitration.

On February 4, 2020, Flynn and Sanchez filed a Stipulation to Conditionally Certify a Collective Action, Issue Notice, and Stay Case [#36], by which they informed the Court of their agreement to stipulate to conditional certification of an agreed class and the stay of this case pending the effective date of Debtor Sanchez Energy Corporation's bankruptcy plan in *In re Sanchez Energy Corporation, et al.*, Case No. 19-34508 (Bankr. S.D. Tex. 2019, Isgur, J).[2] The stipulation also memorialized the parties' agreement to certain processes with respect to issuing notice, determining which potential class members are entitled to notice, and how to handle pending discovery during the agreed stay. The parties defined the agreed class as follows:

> all operators or production inspectors who functioned as operators who provided services to Tulsa Inspection Resources/Cypress Energy Management ("TIR") and to Sanchez Oil & Gas Corporation and who may have been paid a day rate from a date three years prior to the issuance

---

[2] The Court notes that Sanchez is not the debtor in the bankruptcy proceeding; the debtor, however, reimburses Sanchez for certain expenses, including those incurred in this litigation.

>of notice to the present and who have not signed an arbitration agreement
>with SOG as of July 19, 2019.

The stipulation includes an agreement that Sanchez will send a subpoena to Cypress-TIR for the names, last known addresses, last known phone numbers, and last known e-mail addresses of potential class members.

Two days later, on February 6, 2020, Cypress-TIR, a non-party, filed the motions to intervene and stay that are the subject of this report and recommendation and order. By its motions, Cypress-TIR argues that it is entitled to intervene as of right and to permissive intervention under Rule 24 of the Federal Rules of Civil Procedure in order to protect its interest in this litigation and asks the Court to stay this case in full during the pendency bankruptcy, rather than permitting notice to potential class members of this collective action prior to issuing the stay. That same day, Sanchez filed a response to Flynn's motion for conditional certification, opposing Flynn's proposed class and notice [#43] and appealing the undersigned's order denying its motion to compel arbitration [#41], thereby attempting to withdraw its previous stipulation with Flynn. Sanchez subsequently filed a response to Cypress-TIR's motions to intervene and stay, taking the position that Cypress-TIR has an interest in this litigation and the intervention and complete stay are warranted [#47]. Flynn filed responses in opposition to both the intervention and stay motions [#49, #50].

The undersigned held a status conference on February 14, 2020 to address these various procedural and substantive issues. After the conference, the District Court issued a separate referral of the motion to intervene. The undersigned issued a report and recommendation on Cypress-TIR's motion to intervene, recommending the motion be denied and denying Cypress-TIR's motion to stay on February 27, 2020.

Remaining before the Court is the question of whether to enter an order memorializing the parties' Stipulation to Conditionally Certify a Collective Action, Issue Notice, and Stay Case [#36] or to rule on Plaintiffs' Motion for Conditional Certification [#18]. Having considered the record in this case and the governing law, the Court will approve the parties' stipulation and dismiss as moot the motion for conditional certification.

The Supreme Court has explained that factual stipulations have the effect of a judicial admission, that is both binding on the parties and conclusive in the case. *Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 677–78 (2010). As such, the Supreme Court "has refused to consider a party's argument that contradicted a joint stipulation entered at the outset of litigation." *Id.* (internal quotations omitted). Similarly, under Texas law, stipulations constitute a binding contract between the parties and the court. *See, e.g.*, *Federal Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (holding a stipulation to constitute a binding contract between the parties and the court). Federal courts in Texas have also applied Texas contract law in holding that "[a] party making a stipulation or judicial admission is barred from disputing it." *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, No. SA-12-CA-0622-XR, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012).

Counsel for both Flynn and Sanchez signed the Stipulation to Conditionally Certify a Collective Action, Issue Notice, and Stay Case [#36] and filed it with the Court on February 4, 2020 [#36]. The stipulation is binding on the parties and the Court. There is no basis for Sanchez to dispute this binding stipulation, due to Cypress-TIR's failed attempt to intervene in this case, or because Sanchez for some other reason might now wish to contest conditional certification. Accordingly,

**IT IS THEREFORE ORDERED** that the parties' Stipulation to Conditionally Certify a Collective Action, Issue Notice, and Stay Case [#36] is **APPROVED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Conditional Certification [#18] is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the following class is **CONDITIONALLY CERTIFIED**:

> all operators or production inspectors who functioned as operators who provided services to Tulsa Inspection Resources/Cypress Energy Management ("TIR") and to Sanchez Oil & Gas Corporation and who may have been paid a day rate from a date three years prior to the issuance of notice to the present and who have not signed an arbitration agreement with SOG as of July 19, 2019.

**IT IS FURTHER ORDERED** that the Notice and Consent Form attached to the parties' Stipulation [#36-1] is **APPROVED**.[3] The parties are directed to follow the procedures set forth in their stipulation in issuing notice. Individuals on the Notice List shall have **60 days** to opt-in to the litigation.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel **FILE** any consent form returned by any opt-in Plaintiff with the Court.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the effective date of Debtor Sanchez Energy Corporation's bankruptcy plan in *In re Sanchez Energy Corporation, et al.*, Case No. 19-34508 (Bankr. S.D. Tex. 2019, Isgur, J). The stay of this case will not prevent notice from being issued; nor shall the stay prevent individuals on the Notice List from filing timely opt-in consents.

---

[3] The Court distinguishes the consent form attached to the stipulation [#36-1] from the consent form attached to the Original Complaint [#1-1], which appears to give consent to sue both TIR and Sanchez. The parties have stipulated to provide notice using the revised consent form [#36-1], and this is the form the Court approves through this Order.

**IT IS FINALLY ORDERED** that the parties file joint quarterly status reports on the status of the bankruptcy proceedings with the first report due **May 27, 2020**.

SIGNED this 27th day of February, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE