**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

MARK FLYNN, WILLIAM HOWELL,
WILLIAM RYAN MOORE,

                  Plaintiffs,

v.                                                 Case No. 5:19-CV-0867-JKP-ESC

SANCHEZ OIL & GAS CORPORATION,

                  Defendant.

## ORDER

The Court has under consideration *Defendant's Objections to the Order Denying Defendant's Motion to Compel and Motion to Stay Proceedings* (ECF No. 41) to which Plaintiff Mark Flynn responded and Defendant replied (ECF Nos. 58, 62). The objections relate to the December 5, 2019 Order (ECF No. 27), that denied *Defendant's Motion to Dismiss and Compel Arbitration* (ECF No. 12).

In this collective action Plaintiff Mark Flynn ("Flynn") alleges his former employer Defendant Sanchez Oil & Gas Corporation ("Sanchez") violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), when it failed to pay him and other oilfield workers overtime compensation. Sanchez responded to Flynn's Complaint by filing a motion to dismiss and compel arbitration, arguing that an arbitration agreement between Flynn and Cypress Energy Management-TIR, LLC ("Cypress")—the entity providing oilfield workers like Flynn as personnel for Sanchez—compelled Flynn to arbitrate his FLSA claims against Sanchez.

On October 30, 2019, the Magistrate Judge assigned to this case held a hearing and subsequently issued an order denying the motion on the basis that Sanchez is not a third-party beneficiary of the arbitration agreement between Flynn and Cypress and the doctrine of direct

benefits estoppel does not apply to prevent Flynn from filing a lawsuit against Sanchez. *See* ECF No. 27. That Order also directed Sanchez to respond to Flynn's motion for conditional certification within 14 days of the Order. The parties thereafter moved the Court for extensions of deadlines until the Magistrate Judge set a final deadline for Sanchez to file its response and to file any appeal of the Order denying the motion to compel arbitration. On February 6, 2020, Sanchez filed the subject objections, appealing the Magistrate Judge's Order even though two days earlier Sanchez and Flynn filed their joint *Stipulation to Conditionally Certify a Collective Action, Issue Notice, and Stay Case* (ECF No. 36), by which they informed the Court of their agreement to stipulate to conditional certification of an agreed class and to stay this case pending the effective date of Debtor Sanchez Energy Corporation's bankruptcy plan in *In re Sanchez Energy Corporation, et al.*, Case No. 19-34508 (Bankr. S.D. Tex. 2019, Isgur, J).[1] ECF No. 36 ¶¶ 1-2.

## I. AUTHORITY OF MAGISTRATE JUDGE AND STANDARD OF REVIEW

Section 636(b)(1)(A) of Title 28 of the United States Code permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for specifically listed motions that are not at issue here. The district judge may review and reconsider any pretrial matter decided by a magistrate judge under the authority of subparagraph (A) when "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Rule 72(a) of the Federal Rules of Civil Procedure provides further guidance as to reviewing non-dispositive pretrial orders of magistrate judges. It establishes a fourteen-day period for parties to object to such orders. And it mandates that the district judge "consider

---

[1] The Court notes Sanchez's representation that it is not a debtor in the Bankruptcy Proceeding, but this action may be impacted because the Debtor reimburses Sanchez for certain expenses.

timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

Rule 72(a) and § 636(b)(1)(A) set out a "highly deferential standard [that] requires the court to affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed.'" *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)); *accord Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (same). With respect to reviewing a non-dispositive order of a magistrate judge, the following principles apply:

> The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable de novo, and the district judge reverses if the magistrate judge erred in some respect in [his or her] legal conclusions. [T]he abuse of discretion standard governs review of that vast area of choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous.

*Baylor Health Care Sys.*, 955 F. Supp. 2d at 689 (omitting citations and internal quotation marks while quoting *Arters v. Univision Radio Broadcasting TX, L.P.*, No. 3:07-CV-0957-D, 2009 WL 1313285, at *2 (N.D. Tex. May 12, 2009)).

## II. MAGISTRATE JUDGE ORDER

The Honorable Elizabeth S. Chestney, United States Magistrate Judge ("Judge Chestney") denied Sanchez's motion to compel arbitration because Sanchez did not convince the Court that Flynn and Cypress intended to make Sanchez a beneficiary of their arbitration agreement. ECF No. 27 at 4. Judge Chestney found that Flynn entered an arbitration agreement with Cypress, but he did not enter one with Sanchez. *Id.* She found nothing in the language of the

3

agreement between Cypress and Flynn that evinced the parties' intent to extend the agreement to arbitrate to Cypress's customers generally or Sanchez specifically. *Id.* In making these findings, Judge Chestney distinguished *ConocoPhillips* and *Citgo*, noting, "these cases support Flynn's positions—not Sanchez's." *Id.* at 6-7. Judge Chestney also found that Flynn's lawsuit is not barred by the doctrine of direct benefits estoppel. *Id.* at 10-12. In making this finding, Judge Chestney distinguished *Randle*.

### III. OBJECTIONS

Sanchez objects to and asks this Court to set aside the Magistrate Judge's Order denying the Motion to Compel Arbitration. ECF No. 41 at 17. Sanchez further requests that this Court stay all proceedings in this case until it rules on the objections. *Id.*

Sanchez's arguments for a stay focus on the FLSA certification process. Sanchez argues that because Flynn's claims will "inevitably be before an arbitrator," (1) there is no reason to move forward on the FLSA certification process; (2) if forced to proceed to the class certification stage, Sanchez will suffer irreparable injury; (3) Flynn is not harmed by a stay at all; and (4) public interest favors a stay. ECF No. 41 at 14-17. On February 27, 2020, Judge Chestney approved the parties' *Stipulation to Conditionally Certify a Collective Action, Issue Notice, and Stay Case* (ECF No. 36). *See* Order, ECF No. 61. Accordingly, the arguments in support of Sanchez's Emergency Motion to Stay are moot. For this reason, and in light of Judge Chestney's order staying the case, ECF No. 61 at 5, this Court denies as moot Sanchez's Emergency Motion to Stay.

With respect to the Order denying Sanchez's Motion to Compel Arbitration, Sanchez contends that the Magistrate Judge (1) misconstrued the terms of Flynn's agreement to arbitrate and inappropriately distinguished *ConocoPhillips* and *Citgo* thereby denying Sanchez's third-

4

party beneficiary status; (2) incorrectly analyzed direct benefits estoppel; and (3) improperly rejected Sanchez's equity argument when she "disregarded Flynn's defendant-shopping." *See* ECF No. 41 at 4-13.

**A. Third-party Beneficiary**

On July 21, 2017, Flynn signed an Employment Agreement with Cypress ("Flynn-Cypress Agreement"). ECF No. 12-2 at 5-7. The Flynn-Cypress Agreement is an "Employment Agreement entered into between Cypress and Flynn." *Id.* at 2 (Decl. of Sharon Moyer). The Flynn-Cypress Agreement provides that "employment is based on a specific project to be performed for a designated customer." *Id.* at 5. Although it did not sign the Agreement, Sanchez argues that it may compel arbitration as a third-party beneficiary.

Generally, "there is a presumption against conferring third party beneficiary status on noncontracting parties." *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007) (per curiam) (citing *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999). To enforce a contract as a third-party beneficiary, the party requesting enforcement must establish: "(1) the parties to the contract intended to secure a benefit to it and (2) entered into the contract directly for its benefit." *ConocoPhillips Co. v. Graham*, No. 01-11-00503-CV, 2012 WL 1059084, at *6 (Tex. App. Mar. 29, 2012) (citing *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006)). "[T]he benefit to the third-party must be more than merely incidental to the contract." *Id.* (citing *City of Houston v. Williams*, 353 S.W.3d 128, 146 (Tex. 2011)). "It is not enough that the third party would benefit—whether directly or indirectly—from the parties' performance, or that the parties knew that the third party would benefit." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (citations omitted). "[T]he contracting parties' intent to 'confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third

party must be denied.'" *Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 635 (Tex. 2018). Courts look "solely to the contract's language, construed as a whole" to determine whether the contracting parties intended to benefit a third party directly. *First Bank*, 519 S.W.3d at 102.

Reading the Flynn-Cypress Agreement as a whole, this Court concludes that Flynn and Cypress did not provide Sanchez the right to enforce the arbitration clause. First, the language shows it was merely incidental that Sanchez was the "customer" at the time of the alleged FLSA violation. While the purpose of the Flynn-Cypress Agreement was to engage Flynn to perform "a specific project for a designated customer," absent an addendum stating otherwise, the employment term was "day-to-day" and the Agreement applied to "any and all future employment relationships between the parties." ECF No. 12-2 ¶ 3. Thus, the language is clear that the Agreement governed the relationship between Flynn and Cypress, whether Flynn was assigned to work for Sanchez or another entity. Accordingly, the Agreement does not indicate an intent to confer a direct benefit to Sanchez. Second, the Flynn-Cypress Agreement arbitration clause names only the parties:

> The parties agree that any dispute, controversy or claim arising out of or related to in any way to the parties' employment relationship or termination of that relationship, including this Employment Agreement or any breach of this agreement, shall be submitted to and decided by binding arbitration in Tulsa, Tulsa County, Oklahoma. Arbitration shall be administered under the laws of the American Arbitration Association in accordance with American Arbitration Association Employment Arbitration Rules and Mediation Procedures in effect at the time the arbitration is commenced.

*Id*. ¶ 5. In contrast, the arbitration agreement language in the cases relied on by Sanchez and distinguished by the Magistrate Judge expressly identified third-parties.

The arbitration agreement between the employees and the staffing company (JVIC) in *ConocoPhillips*, named "subcontractors, contractors, clients, vendors, facility owners . . . and

each of their subsidiaries, affiliates, parents, employees, agents" where employees performed services for JVIC. 2012 WL 1059084, at *7. The *Citgo* arbitration agreement named the employee, the employer, and the employer's customer and clients. *In re Citgo Petroleum Corp.*, 248 S.W.3d 769, 773 (Tex. App. 2008). Moreover, two recent FLSA cases granted third-party beneficiary status where the arbitration agreement language named (1) a contractor *and its client* and (2) the company *or any client of the company*. *See Goldsborough v. Newpark Drilling Fluids, LLC*, No. 2:19-cv-00309 KWR/GBW, 2020 U.S. Dist. LEXIS 24090, at *7 (D.N.M. Feb. 10, 2020) (applying Texas law); *Berryman v. Newalta Envtl. Servs.*, Civil Action No. 18-793, 2018 U.S. Dist. LEXIS 186789, at *5 (W.D. Pa. Nov. 1, 2018) (applying Texas law).

The Flynn-Cypress Agreement contains no language that indicates a clear intent that the parties entered into the contract to directly benefit Sanchez. The Flynn-Cypress Agreement arbitration clause expressly states only that Flynn and Cypress as employee and employer agree to arbitrate their disputes. In the cases Sanchez cites, the arbitration agreements contained language that identified a third party such as a customer, client, subcontractor, contractor, or vendor. The arbitration clause here contains no such language. Consequently, Sanchez is not a third-party beneficiary to the arbitration clause in the Flynn-Cypress Agreement.

**B. Direct Benefits Estoppel[2]**

"Direct benefits estoppel applies when the claim depends on the contract's existence and would be 'unable to stand independently' without the contract." *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 609 (5th Cir. 2016) (quoting *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 528 (Tex. 2015) (internal quotation omitted)). "But when the substance of the claim

---

[2] It appears Texas employs the term "direct-benefits estoppel" while the Fifth Circuit uses "direct benefits estoppel." *Compare Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 635 (Tex. 2018) ("Direct-benefits estoppel applies to . . .") with *Hays v. HCA Holdings, Inc.*, 838 F.3d 605, 609 (5th Cir. 2016) ("Direct benefits estoppel applies when . . .").

arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law, direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen but for the contract's existence. *Jody James*, 547 S.W.3d at 637 (quoting *G.T. Leach Builders*, 458 S.W.3d at 528) (internal quotations omitted).

In its presentation to the Magistrate Judge, Sanchez relied on *Randle* to support its direct benefits estoppel argument. *Randle v. Metro. Transit Auth. of Harris Cty.*, No. CV H-18-1770, 2018 WL 4701567 (S.D. Tex. Oct. 1, 2018). This reliance is no more tenable now than it was when Sanchez presented it to Judge Chestney. Judge Chestney rightly explained the factual and contractual differences between *Randle* and this case. *See* ECF No. 27 at 11 (Explaining the plaintiff in *Randle* "worked as a driver for Metro, who contracted with Yellow Cab." The plaintiff entered into service agreements with Yellow Cab, which permitted him to work for Metro, "detailed the terms of his employment with Metro, provided him with a Metro route, Metro vehicle, and necessary insurance.") (citations omitted). The agreements in *Randle* link the three entities—the plaintiff, Metro, and Yellow Cab—the plaintiff worked for Metro and entered into service agreements with Yellow Cab, and these service agreements in turn permitted the plaintiff to work for Metro. Sanchez's objections refer to a Master Service Agreement between "TIR and Cypress-TIR" but fails to illustrate the inextricable connections among all the entities, which are exemplified in *Randle*. *See* ECF No. 41 at 3 ("Before hiring Flynn, TIR and Cypress-TIR entered into a Master Service Agreement . . .").

In its objections, Sanchez argues that one of "the keys" to direct benefits estoppel is "whether the *nonsignatory* demanded and received substantial and direct benefits under the contract containing the arbitration clause." ECF No. 41 at 11 (citing *Randle*, 2018 WL 4701567, at *9) (emphasis added). Sanchez goes on to argue that "Flynn indisputably received direct

8

benefits from the Employment Agreement." *Id*. Notably, Flynn is the signatory to the Agreement. Sanchez further argues that Flynn's FLSA claims are premised on the Employment Agreement and cannot be analyzed without reference to the Agreement. However, Flynn's FLSA claims are not "bound up" in the Agreement. *See* Transcript of Pretrial Conference before the Honorable Elizabeth S. Chestney United States Magistrate Judge, Oct. 30, 2019, 9:18-25. As Judge Chestney explained,

> Although the Employment Agreement explains Flynn's duties to Cypress-TIR, including some general duties that he had with regard to customers of Cypress-TIR, the Employment Agreement does not specifically name Sanchez, provide the details of the specific work he would perform for Sanchez, or incorporate the Master Service Agreement into the Employment Agreement, as did the employment agreements in *Randle*.
>
> Flynn's claims are statutory and arise under the FLSA, a federal law, and not the contract. Moreover, whether Sanchez was Flynn's employer under the FLSA and whether Flynn is ultimately entitled to overtime compensation as an employee under the FLSA does not depend on the terms of Flynn's employment agreement. Rather it turns on the economic realities of Flynn's relationship with Sanchez. To be sure, the parties may point to the Employment Agreement as evidence relevant to their competing theories of the nature of Flynn's relationships with Sanchez and with Cypress-TIR. But ultimately, no matter what was promised or documented, what will be dispositive under the FLSA will be how the parties in reality behaved.

ECF No. 27 at 11-12 (citations omitted). This Court agrees with Judge Chestney's cogent explanation. Flynn's FLSA claim is able to stand independently without the Agreement. Accordingly, direct benefits estoppel does not apply.

**C. Equity**

Sanchez contends that Flynn must be forced to arbitrate his claims based on equity. Sanchez alleges that Flynn engaged in "artful pleading" when he "initially filed suit against his direct employer, Cypress-TIR, only to dismiss those claims once he learned they were subject to arbitration." ECF No. 41 at 12. *See also* Tr. 3:11-12; 13:10-11, 21-25; 14:1-4; 18:8-11; 20:10-14;

9

21:1-5, 8-9; 34:20-25; 35:1-17; 36:8-10; 46:19-25 (in which Sanchez argues that Flynn engaged in "artful pleading" or "cut and paste"). In response to Sanchez's assertion that this lawsuit is merely "cut and paste" Flynn stated that the Flynn-Cypress arbitration clause was only one of several factors considered when deciding to dismiss the Cypress lawsuit and sue Sanchez. Tr. 39:22-25. Sanchez also contends Judge Chestney "disregarded Flynn's defendant-shopping." ECF No. 41 at 12 (citing ECF No. 27 at 3 n.1). This Court does not read the referenced footnote as disregarding Sanchez's argument that Flynn engaged in "defendant shopping." Further, the transcript shows Judge Chestney heard extensive arguments from Sanchez on the point, asked thoughtful questions, and tested Sanchez's assertions prior to making her findings. *See* Tr. 12:16-14:4; 18:8-21:11; 34:19-36:19.

## IV. CONCLUSION

In summary, under the highly deferential standard of review set out in Rule 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court, after reviewing all relevant material, has no definite or firm conviction that the Magistrate Judge committed any factual mistake. After conducting a de novo review of the legal conclusions objected to by Sanchez, the Court finds no error. And for that vast area within the discretion of the Magistrate Judge, the Court discerns no abuse of discretion. In short, it finds nothing in the Order either clearly erroneous or contrary to law. Accordingly, the Court OVERRULES Defendant's Objections to the Order Denying Defendant's Motion to Compel and DENIES AS MOOT Defendant's Motion to Stay Proceedings (ECF No. 41).

SIGNED this 6th day of March 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE