IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK FLYNN, WILLIAM HOWELL, WILLIAM RYAN MOORE, JIMMY GONZALES,<br><br>*Plaintiffs,*<br><br>vs.<br><br>SANCHEZ OIL & GAS CORPORATION,<br><br>*Defendant.* | SA-19-CV-00867-JKP |

## **ORDER**

Before the Court in the above-styled cause of action is the Motion to Stay [#72], filed by Non-Party Cypress Environmental Management-TIR, LLC ("Cypress-TIR"). In reviewing the motion, the Court has also considered Flynn's Response to TIR's Motion to Stay [#74]. The undersigned has jurisdiction to issue this Order pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons that follow, the Court will deny the motion to stay.

Plaintiff Mark Flynn filed this putative collective action on behalf of himself and all others similarly situated against his former employer Defendant Sanchez Oil & Gas Corporation ("Sanchez"), alleging that Sanchez failed to pay him and other oilfield workers all overtime compensation they are due. Cypress-TIR, a non-party, is the entity which provided Sanchez with its oilfield workers like Flynn. Flynn and Sanchez filed a stipulation with the Court to conditionally certify a collective action, issue notice, and stay this case pending the effective date of Sanchez Energy Corporation's (a related entity's) bankruptcy plan. This stipulation agreed, however, that in service of issuing notice Sanchez would send a subpoena to Cypress-TIR for the names, last known addresses, last known phone numbers, and last known e-mail addresses of potential class members.

1

Cypress-TIR attempted to intervene in this lawsuit, arguing that intervention was necessary to protect its interests in this litigation. In Cypress-TIR's motion for intervention, Cypress-TIR also asked the Court for a complete stay of this case, including class certification and notice. The undersigned issued a report and recommendation recommending the motion for intervention be denied and an order denying the requested stay as moot. The District Court adopted the report and recommendation, and Cypress-TIR has appealed the ruling to the Fifth Circuit. Despite its status as a nonparty, Cypress-TIR now asks the Court to stay this case pending the resolution of its appeal.

This Court has discretion to grant or deny a motion for stay pending appeal. *See Arnold v. Garlock*, 278 F.3d 426, 438–39 (5th Cir. 2001). There are four factors this Court considers when deciding whether to issue such a stay: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties in the proceeding; and (4) where the public interest lies. *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). None of these factors favor granting a stay here.

As was discussed at length in the report and recommendation on Cypress-TIR's motion to intervene, Cypress-TIR's concern over the possibility of having to defend future litigation initiated by those receiving notice of this lawsuit against Sanchez is not a sufficient basis for permissive or mandatory intervention. Thus, Cypress-TIR is unlikely to succeed on the merits of its appeal.

Cypress-TIR also has not identified any irreparable injury if this case is not stayed. If the requested stay is denied, notice will be issued to oilfield workers supplied by Cypress-TIR to

Sanchez of their potential right to join a collective action against *Sanchez*. That these workers might also have FLSA claims against Cypress-TIR, if Cypress-TIR is indeed their joint employer, that they could hypothetically choose to pursue at some later date against Cypress-TIR is not an irreparable injury caused by the denial of the stay. The potential FLSA claims against Cypress-TIR of certain workers who performed work for both Sanchez and Cypress-TIR exist independent of any notice of this lawsuit against Sanchez, and ultimately either have merit or do not.

Moreover, Cypress-TIR has demonstrated that it can adequately protect its interests in this lawsuit despite the denial of the motion to intervene. When third-party subpoenas were issued to Cypress-TIR, Cypress-TIR objected to the subpoenas and a hearing was set to provide it the opportunity to defend against the serving party's motion to compel.[1] Cypress-TIR can also file a motion to quash any future subpoenas.

With respect to any injury caused by the stay, the requested stay would ultimately cause primary prejudice to Flynn and the potential class members, for whom notice would be delayed as the statute of limitations on their FLSA claims continues to run.

And, finally, TIR-Cypress has not identified any public interest that would be served by protecting Cypress-TIR from having to identify workers who performed work for Sanchez but may not have been compensated by Sanchez in a manner that complies with the FLSA.

**IT IS THEREFORE ORDERED** that Cypress-TIR's Motion to Stay [#72] is **DENIED**.

---

[1] Sanchez subsequently withdrew the motion, and the hearing was canceled.

**IT IS SO ORDERED.**

SIGNED this 8th day of May, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE