IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK FLYNN, WILLIAM HOWELL, WILLIAM RYAN MOORE, JIMMY GONZALES, CHRISTOPHER BAKER, JOE BARRON, BILLY CALLAWAY, | § § § § § | |
| *Plaintiffs,* | § § | SA-19-CV-00867-JKP |
| vs. | § § | |
| SANCHEZ OIL & GAS CORPORATION, | § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court in the above-styled cause of action is Defendant's Motion to Compel Compliance with Subpoenas by Tulsa Inspection Resources and Cypress Environmental Management-TIR [#82]. By its motion, Defendant Sanchez Oil & Gas Corporation asks the Court to compel third parties Tulsa Inspection Resources and Cypress Environmental Management-TIR ("the TIR entities") to comply with subpoenas Sanchez served on the TIR entities. The subpoenas seek the contact information for all oilfield operators who provided services to the TIR entities and Sanchez so that Plaintiffs can effectuate notice of this FLSA collective action in accordance with a stipulation entered between Plaintiffs and Sanchez and approved by the Court.

The Court held a hearing on the motion on July 27, 2020, at which counsel for Plaintiffs, Sanchez, and the TIR entities appeared telephonically. At the close of the hearing, the Court granted the motion in part and issued certain oral rulings, which it now memorializes with this written Order.

The TIR entities object to the subpoenas for two primary reasons. First, they argue that Sanchez already has the information it seeks and has failed to make an evidentiary showing that it lacks the data. Second, they argue that Sanchez seeks the contact information for the improper purpose of colluding with Plaintiffs' counsel in soliciting clients to have those individuals press claims against the TIR entities, leaving Sanchez with no liability. The Court finds that neither of these arguments is a basis for resisting the subpoena and that Sanchez is entitled to the contact information of the workers who are entitled to notice of this lawsuit. However, the Court will grant the motion to compel subject to a protective order that limits the disclosure of the information to Sanchez, its counsel, and the third-party claims administrator engaged in this suit.

A party resisting a subpoena has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive. *Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir. 2004). To determine whether the subpoena presents an undue burden, this Court considers the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Id.* Additionally, when the person to whom the document request is made is a non-party, as here, the court may also consider the expense and inconvenience to the non-party.

The TIR entities do not argue that compliance with the subpoena would present an undue burden or be onerous in terms of time or expense. In fact, the TIR entities conceded at the Court's hearing that locating the requested information and compiling it in a format for transmission to Sanchez would take at most one day. Nor have the TIR entities identified any other reason that compliance with the subpoena would be unreasonable or oppressive.

Rather, the TIR entities are primarily concerned that Plaintiffs will have access to the contact information and use it to engage in improper solicitation of possible additional plaintiffs for future lawsuits against the TIR entities. To protect against these concerns, the TIR entities proposed the issuance of a protective order limiting disclosure of the contact information to Sanchez and the third-party claims administrator. The Court finds that this proposal effectively balances the interests of the TIR entities and the other parties to this action. The contact information will be provided directly to Sanchez, its attorneys, and the third-party administrator, and notice will be sent to the potential class members as soon as possible. If issues arise with the distribution of notice, Plaintiffs can seek redress in this Court.

The TIR entities also propose further restrictions on communications between Plaintiffs' counsel and future opt-in plaintiffs, such as prohibiting Plaintiffs' counsel from inquiring into the employment history of these individuals because TIR seeks to prevent Plaintiffs' counsel from gathering information that may assist them in initiating other FLSA lawsuits on behalf of these individuals. The Court declines to include any such restrictions in this Order. Plaintiffs' counsel will obtain the contact information of future opt-in plaintiffs only if and when they choose to join the certified class and engage Plaintiffs' counsel for representation in this lawsuit. Plaintiffs' counsel are, of course, expected to comply with their ethical obligations at all times, including when they communicate with opt-in class members regarding their representation of them.

Finally, the Court notes that Plaintiffs filed their own motion to compel immediately before the Court's hearing, by which they also ask the Court to compel the TIR entities' compliance with Sanchez's subpoenas. As the Court is granting Sanchez's motion, it need not separately address the arguments made by Plaintiffs in favor of that same relief. The Court will therefore dismiss as moot Plaintiffs' Motion to Compel the Third-Party Subpoenas [#89].

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Compliance with Subpoenas by Tulsa Inspection Resources and Cypress Environmental Management-TIR [#82] is **GRANTED IN PART** as follows:

**IT IS HEREBY ORDERED** that the TIR entities shall produce materials responsive to the subpoena served on each entity on May 18, 2020 within 14 days of the Court's hearing, on or before **July 10, 2020**.

**IT IS FURTHER ORDERED** that the production be limited to Sanchez, its attorneys, and the third-party claims administrator engaged in this action.

**IT IS FURTHER ORDERED** that in all other respects the Motion [#82] is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs' Motion to Compel the Third-Party Subpoenas [#89] is **DISMISSED AS MOOT**.

SIGNED this 29th day of July, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE